UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
RAYMOND GUARINO,

                                 Plaintiff,
        - against -

CITY OF NEW YORK,
PAROLE OFFICER HUBERT BROWNE,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-6,

                                Defendants.
---------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**CASE NO. 15-CV-6742 (LDH) (ST)**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

      Plaintiff, **RAYMOND GUARINO**, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, **RAYMOND GUARINO**, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about November 5, 2014, at approximately 8:00 a.m., Plaintiff was at 1812 George Street in Queens, NY when Defendants assaulted him. Plaintiff was assaulted by Defendants including, but not limited to, **CITY OF NEW YORK, PAROLE OFFICER HUBERT BROWNE, POLICE OFFICER JOHN/JANE DOE(S) #'S 1-6**. It is alleged that Defendants used excessive force in effectuating his arrest, and as a result of the excessive force used by Defendants, Plaintiff suffered severe physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42

1

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff, **RAYMOND GUARINO**, at all times relevant hereto, resided at 1812 George Street, Queens, NY 11385.

4. Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant, **PAROLE OFFICER HUBERT BROWNE,** is a Parole Officer in the Queens II Area Parole Office.

6. Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-6,** were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

8. On or about November 5, 2014, at approximately 8:00 a.m., Plaintiff, **RAYMOND GUARINO**, was at his home at 1812 George Street in the borough of Queens, City and State of New York when his doorbell rang.

9. Plaintiff heard Defendants yelling at him to open the door to his home, but before he could open it the door was broken off the hinges and Defendants entered the apartment with guns drawn.

10. Once Plaintiff began walking towards the officers, he was grabbed by Defendants and thrown violently to the ground outside of the apartment.

11. Defendants forced Plaintiff into handcuffs and continued striking Plaintiff to the ribs and back area while he was in handcuffs using their hands and flashlights.

12. Defendants then picked Plaintiff up by the arms and dragged him down the stairs causing further injury to his ribs and cuts to his face.

13. Plaintiff would eventually be brought to the hospital in police custody where he was found to have suffered fractures to his ribs and multiple lacerations.

14. That on or around the 1st day of December, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

16. Paragraphs 1 through 15 are hereby re-alleged and incorporated by reference herein.

17. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

18. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

19. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

20. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

21. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

22. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

23. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

24. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

25. That Defendants, **PAROLE OFFICER HUBERT BROWNE and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-6,** are liable for preventable harm to

      Plaintiff because they knew excessive force was being used; they knew a Constitutional violation had been committed through the use of that force; and Defendants had a reasonable opportunity to intervene and prevent the harm from occurring and failed to do so.

26. That upon information and belief, in 2014, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

27. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

28. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

30. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

31. Paragraphs 1 through 30 are hereby re-alleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

33. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

34. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

35. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

36. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

37. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

38. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

39. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
**Pursuant to State Law (ASSAULT and BATTERY)**

40. Paragraphs 1 through 39 are hereby re-alleged and incorporated by reference herein.

41. That Defendants intended to cause harmful bodily contact to Plaintiff.

42. That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

43. That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

44. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

45. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein.

46. That as a result of the aforementioned incidents intentionally caused by Defendants, Plaintiff, RAYMOND GUARINO, suffered severe emotional distress and physical injuries.

47. That as a result of the aforementioned extreme and outrageous conduct negligently inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and physical injuries, all of which are permanent in nature.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49. That at all times, all Defendants were acting within the scope of their employment.

50. That Defendant CITY was able to exercise control over Defendant Officers' activities.

51. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

52. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from November 5, 2014; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
May 12, 2016

Yours, etc.

_____
JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004

NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, RAYMOND GUARINO. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         November 18, 2015

_____
JUSTIN M. ROPER, ESQ.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RAYMOND GUARINO,**

             **Plaintiff,**

 **– against –**

**CITY OF NEW YORK, ET AL.**

             **Defendants.**

---

# COMPLAINT

---

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**RAYMOND GUARINO**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.